**WO**                                                                                                                JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Hugo Rene Salvatierra-Cermeno, | ) | No. CV 05-1369-PHX-NVW (JRI) |
| Petitioner, | ) | **REMAND ORDER** |
| vs. | ) | |
| Alberto Gonzales, | ) | |
| Respondent. | ) | |

This action was originally filed with the United States Court of Appeals for the Ninth Circuit as a petition for review from a decision of the Board of Immigration Appeals ("BIA"). The Ninth Circuit treated the action as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and transferred it to this Court. Salvatierra-Cermeno v. Gonzales, 404 F.3d 1119 (9th Cir. 2005). The matter will now be remanded to the immigration judge for further proceedings consistent with Molina-Camacho v. Ashcroft, 393 F.3d 937 (9th Cir. 2004).

**BACKGROUND**

Petitioner is a native and citizen of Guatemala who entered the United States in 1991. Petitioner filed an application for asylum in 1993. The application was referred to the immigration court. The immigration judge found that Petitioner was deportable, but granted his applications for asylum and withholding of removal. The Board of Immigration Appeals ("BIA") sustained the Government's appeal, reversed the immigration judge's order granting asylum and withholding of removal and issued its own order for Petitioner's removal to

1   Guatemala.  Petitioner sought review in the United States Court of Appeals for the Ninth

2   Circuit.  The court of appeals held that the "BIA had no authority to issue an order removing

3   Salvatierra-Cermeno to Guatemala." Salvatierra-Cermeno, 404 F.3d at 1119.  The court also

4   held, however, that "because 8 U.S.C. § 1252 gives [the courts of appeals] jurisdiction to

5   review only final orders of removal, we lack jurisdiction to consider Salvatierra-Cermeno's

6   petition for review."  Id.  Rather than dismissing the appeal, however, the Ninth Circuit

7   treated the petition for review as a petition for writ of habeas corpus and transferred the

8   action to this Court under 28 U.S.C. § 1631, citing Molina-Camacho, 393 F.3d at 942.

9   Salvatierra-Cermeno, 404 F.3d at 1119.

10  **DISCUSSION**

11      Shortly after this case was transferred by the Ninth Circuit, the President signed into

12  law the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).  As

13  amended by the REAL ID Act, 8 U.S.C. § 1252(a)(5) now provides in relevant part:

> (5)  EXCLUSIVE  MEANS  OF  REVIEW.--Notwithstanding  any  other
> provision of law (statutory or nonstatutory), including section 2241 of title 28,
> United States Code, or any other habeas corpus provision, and sections 1361
> and 1651 of such title, a petition for review filed with an appropriate court of
> appeals in accordance with this section shall be the sole and exclusive means
> for judicial review of **an order of removal** entered or issued under any
> provision of this Act, except as provided in subsection (e).

18  REAL ID Act §106(a)(1)(B) (emphasis added).  By this amendment, Congress has deprived

19  the district courts of habeas corpus jurisdiction to review "an order of removal" entered under

20  the Immigration and Nationality Act.  This jurisdiction stripping provision is retroactive.

21  REAL ID Act § 106(b) ("subsection (a) shall take effect upon the date of enactment of this

22  division and shall apply to cases in which the final administrative order of removal,

23  deportation, or exclusion was issued before, on, or after the date of enactment").

24  Additionally, REAL ID Act § 106(c) provides that if any § 2241 habeas corpus case

25  "challenging a final administrative order of removal . . . is pending in a district court on the

26  date of enactment, then the district court shall transfer the case . . . to the [appropriate] court

27  of appeals."  REAL ID Act §106(c).  Thus, if Petitioner is seeking judicial review of "an

28  order of removal," this Court no longer has jurisdiction to entertain the action and the action

1    must be transferred back to the Ninth Circuit.  Here, however, the Court retains habeas

2    corpus jurisdiction because, as explained in Molina-Camacho, the order of removal entered

3    by the BIA is a "legal nullity."  Molina-Camacho, 393 F.3d at 941-42.

4          In Molina-Camacho, an immigration judge found Molina removable, but granted his

5    application for cancellation of removal.  The BIA reversed and entered an order removing

6    Molina to Mexico.  On direct review, the Ninth Circuit held that "the BIA acted *ultra vires*

7    in issuing a deportation order instead of remanding to the [immigration judge]."  Molina-

8    Camacho, 393 F.3d at 941.  The court of appeals further held that the "BIA's act of issuing

9    the order of removal render[ed] that portion of the proceedings a 'legal nullity.'"  Id. (quoting

10   Noriega-Lopez v. Ashcroft, 335 F.3d 874, 884 (9th Cir. 2003).  In the absence of a proper

11   removal order, the Ninth Circuit found itself without jurisdiction to entertain the petition for

12   review because direct review in the courts of appeals under 8 U.S.C. § 1252 is limited to the

13   review of a "final order of removal."  Molina-Camacho, 393 F.3d at 942.  Rather than

14   dismissing the appeal, however, the Ninth Circuit treated the petition for review as a petition

15   for writ of habeas corpus and transferred the action to the district court under 28 U.S.C. §

16   1631.  Id.  The Ninth Circuit instructed the district court to remand the matter to the

17   immigration judge for further proceedings and noted that if the immigration judge issues an

18   order of removal, Molina would then be permitted to raise the merits of his claims on direct

19   review to the court of appeals.  Id. at 942 n.4.

20         Here, as in Molina-Camacho, the BIA's *ultra vires* removal order is a legal nullity.

21   This Court therefore retains jurisdiction over this habeas corpus action because the

22   jurisdiction striping provisions of the REAL ID Act only limit the district courts' jurisdiction

23   to review "orders of removal" and there is no such order in this case.  Accordingly, this

24   matter will be remanded to the immigration judge for further proceedings consistent with

25   Molina-Camacho.  If upon remand the immigration judge enters a final order of removal, the

26   Ninth Circuit will then have jurisdiction to consider a direct petition for review.  See Molina-

27   Camacho, 393 F.3d at 942 n.4.

28

1      **IT IS THEREFORE ORDERED** this matter is **remanded** to the immigration judge

2 for further administrative proceedings consistent with this Order and <u>Molina-Camacho</u>, 393

3 F.3d at 942.  This Order **terminates** the action in this Court.

4      **IT IS FURTHER ORDERED** that in addition to serving counsel of record for

5 Petitioner and Respondent, the Clerk of Court shall serve a copy of this Remand Order upon

6 the United States Attorney for the District of Arizona by certified mail addressed to the civil

7 process clerk at the office of the United States Attorney.

8      DATED this 22nd day of November, 2005.

9

10

11                             _____

12                             Neil V. Wake
                        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28